UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JOSE GERMAN VENTURA SORTO,
Petitioner,
v.
FERETI SEMAIA, et al.,
Respondents.

Case No. 5:26-cv-04613-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 208-350-550**

Jose German Ventura Sorto ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking release from Respondents' custody at the Adelanto Detention Center in Adelanto, California. Dkt. No. 1. Respondents did not file a timely answer to the Petition by the deadline set forth in General Order 26-05. Dkt. No. 5. Consequently, the Court issued an Order to Show Cause why the Petition should not be granted as unopposed. Dkt. No. 7. Respondents then filed a response stating they "are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this

matter." Dkt. No. 8. The Court has considered the Petition and Respondents' response.

## I. Background

The Court incorporates by reference, the allegations in the Petition and exhibits attached thereto, which are not contested by Respondents. Dkt. No. 1.

## II. Discussion

The Petition argues that Petitioner's detention violates the following: (1) procedural due process; (2) substantive due process; and (3) 8 U.S.C. §§ 1226(a), 1357(a)(2).

Regarding Count One, Petitioner asserts that his arrest without notice or meaningful opportunity, violated his procedural due process rights.

### A. Procedural Due Process

This Court and others in this District have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering

release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

**1. Private Interest**

Petitioner has a substantial private interest in remaining out of custody. Here, Petitioner alleges in his unopposed Petition that he has resided continuously in the United States since he entered without inspection in February 2004. During this time, he was known to immigration authorities as he applied for a U-visa and was granted deferred action, was granted employment authorization (valid from March 15, 2023 to October 13, 2024), and was seeking adjustment of status. Petition at 5–6 ("Petitioner therefore was not an individual who had disappeared from the Government's view or whose whereabouts were unknown."); Dkt. No. 1-1. Further, Petitioner alleges that on August 5, 2026, an immigration judge dismissed his removal proceedings.[1] Petition ¶ 67; Dkt. No. 1-3. While it appears Petitioner was never previously detained and released by immigration authorities, this Court has applied the *Mathews* test in certain circumstances to noncitizens who

[1] However, the Court notes that according to Petitioner's Automated Case Information on the Executive Office for Immigration Review website, it appears his removal proceedings are pending, and he has a Master Hearing on September 14, 2026. *See* https://acis.eoir.justice.gov/en/.

were not affirmatively released from immigration custody in the past, but who were in immigration proceedings when detained. *See Dai, v. Janecha, et al.*, No. 5:26-cv-03966-PD, 2026 WL 2164154 (C.D. Cal. July 24, 2026). Therefore, given Respondents' non-opposition, the over twenty years Petitioner has resided in the United States, the immigration-related relief he was actively seeking, including the deferred action he was granted in connection with his U-visa, and the subsequent dismissal of his removal proceedings, the Court finds that Petitioner has a liberty and private interest.

**2. Risk of Erroneous Deprivation**

With respect to the second *Mathews* factor, Petitioner alleges that the risk is high because prior to detention, he was not provided a meaningful opportunity to contest the factual or legal basis for his arrest. The risk of an erroneous deprivation of a petitioner's liberty interest is considerable where he has not received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk). Neither party alleges that Petitioner has received a bond hearing since he was detained by ICE roughly six months ago.

Further, in evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De*

*Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

According to the Department of Homeland Security ("DHS") record attached to the Petition, Petitioner has the following criminal history. Petitioner was arrested on April 8, 2005 in Georgia for willful obstruction of law enforcement officers, convicted, and sentenced to 30 days in confinement, a $500 fine, and 12 months' probation. On July 26, 2008, Petitioner was arrested in Georgia for driving under the influence ("DUI"); the disposition and sentencing are not specified and appear to be restricted under Ga. Code Ann. § 35-3-37. *See Bagby v. Clayton Cnty. Sheriff*, No. 1:24-cv-03439-SDG, 2025 WL 964038 at * (N.D. Ga. Mar. 31, 2025) ("In its current form, Section 35-3-37 provides for restriction of criminal records from public view if certain conditions are met."). Most recently, Petitioner was arrested on February 24, 2026 by the Los Angeles County Sheriff's Department for "DUI Alcohol".[2] *See* Dkt. No. 1-2 at 3. Petitioner disputes that he was driving under the influence of alcohol and alleges that he was subsequently released from county custody. Upon his release, he was detained by ICE. Petition ¶¶ 29–31. Petitioner alleges that his February 2026 DUI arrest has not resulted in criminal charges or a conviction. *Id.* ¶¶ 37–38.

Respondents do not oppose granting the Petition and consequently do not contend that Petitioner is a flight risk or danger. Dkt. No. 8. Besides the February 2026 arrest, Petitioner's remaining criminal history is from at least 18 years ago. The fact Respondents are not opposing this Petition, that Petitioner disputes he was driving under the influence, and that Petitioner's arrest did not result in criminal charges, supports that there is a risk of erroneous deprivation absent pre-deprivation process.

[2] Petitioner alleges the arrest took place on February 25, 2026. Petition ¶ 29.

Further, Respondents' failure to oppose Petitioner's claim itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

**3. Government Interest**

As to the third *Mathews* factor, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]' " *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in his unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claims. Nothing prevents Petitioner from raising these claims again in the

future, should the Government re-detain Petitioner following the procedures set forth above.

## III. Order

For the foregoing reasons, the Petition is GRANTED under Count One and the remaining counts are dismissed without prejudice.

Petitioner Jose German Ventura Sorto (A# 208-350-550) is **ordered released** within 24 hours of this Order. The release may be on conditions prescribed by the Attorney General.

**Respondents are ordered** to file, within three days of Petitioner's release, a status report confirming Petitioner's release.

IT IS SO ORDERED.

DATED: August 26, 2026

Patricia Donahue
United States Magistrate Judge